Dear Judge Johnson:
You advise this office that you currently serve as the Executive Director of the Metropolitan Human Service District (the MHSD). You ask if you may at the same time serve as a member of the Board of Directors of St. Thomas Community Health Center, Inc.
The Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., set forth restrictions relative to the holding of two or more elective or appointive offices and/or employments as defined by statute. La.R.S. 42:62(1), (2), and (3) provide:
(1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
(2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official *Page 2 
or by a governmental body composed of such officials of this state or of a political subdivision thereof.
(3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
The MHSD is legislatively created as a special district, which through its governing board directs the operation and management of community-based programs and services relative to mental health, developmental disabilities, and addictive disorders services for the parishes of Orleans, St. Bernard, and Plaquemines. See
La.R.S. 28:862 and La.R.S. 28:863.
For purposes of dual officeholding, a person holding the position of Executive Director of the MHSD holds an "appointive office" because this position is "specifically established . . . by the . . . ordinances of any political subdivision thereof . . . which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof." The position of Executive Director is specifically established by law and appointed by the Board, itself a public body. La.R.S. 28:864(B)(6) authorizes the Board "to employ an executive director to oversee the operations of the district and who will be responsible for the administration and management of all aspects of the district."
Next we note that the St. Thomas Community Health Center is not an entity established by the laws of this state; neither is the governing Board of Directors established by the laws of this state. Rather, the St. Thomas Community Health Center is an independent, non-profit corporation under Section 501(c) of the Internal Revenue Code of 1954, as amended. The records of the Secretary of State reflect that this corporation was formed under Louisiana law by individuals in 2006 and not by or with the authority of any governing authority or political subdivision of this state.
Because the St. Thomas Community Health Center and its Board of Directors are not established by the laws of this state, membership upon the Board of Directors fails to qualify as "appointive office" for purposes of dual officeholding. Further, the board membership here is neither "elective office" nor is it "employment" as those terms are used in the dual officeholding provisions. Because you do not hold two positions which fall within the ambit of the dual officeholding statutes, none of the dual officeholding prohibitions are applicable here.
You further state that the current President of the Board of Directors of MHSD is also the CEO and Medical Director of the St. Thomas Health Clinic. In short, in *Page 3 
you accept the appointment to the Board of Directors of the St. Thomas Health Clinic, this same individual will be answerable to you as board member in his position as CEO and Medical Director. You ask if there are any "conflicts of interest" posed by this scenario. Please note that this office renders legal opinions examining the dual officeholding and dual employment law. Any questions regarding conflicts of interest under the Code of Governmental Ethics should be forwarded to the Louisiana State Board of Ethics, P.O. Box 4368, Baton Rouge, LA 70821, phone 225-219-5600.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg